UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80749-CIV-MARRA

ARCH INSURANCE COMPANY,

Plaintiff,

vs.

VAS AERO SERVICES, LLC, a
Florida Corporation, VAS AERO
HOLDINGS, INC., a Delaware
Corporation, and AGES AIRCRAFT
INTERNATIONAL, LLC, a Delaware
Corporation,

Defendants.
_____/

## ORDER

This cause is before the Court upon Plaintiff's Rule 56(f) Motion for Summary Judgment (DE 18).

This action arises out of the purchase of an aircraft by Defendant VAS Services utilizing financial guarantee bonds from Plaintiff Arch.  (DE 18 at 1.)  On July 20, 2016, Plaintiff filed the present Motion for Summary Judgment (DE 18) alleging that Plaintiff was entitled to contractual indemnification against Defendants (*Id.* at 2), that Defendants have no defense to their indemnity obligation (*Id.* at 3-8), that Defendants' affirmative defenses are "either insufficient as a matter of law, or decisively refuted by the undisputed facts" (*Id.* at 8-13).  Accordingly, Arch moved for entry of summary final judgment in the amount of $6,674,278.05 together with costs and interest. (*Id.* at14.)

In response, Defendants note that "[d]iscovery has only begun and Defendants have not had an opportunity to obtain evidence which it believes will prove that Plaintiff breached the

[General Agreement of Indemnification]."  (DE 25 at 3.)  Defendants further aver that numerous disputed facts and issues preclude summary judgment on the record before the Court and prior to Plaintiff's Federal Rule of Civil Procedure disclosures.  (*Id.* at 3-5.)  Defendants then proceed to list potential issues of fact including: whether Plaintiff breached the General Agreement of Indemnification, whether Plaintiff's investigation of the Bond Demand was in bad faith, whether Plaintiff interfered with Defendants' advantageous business relationship with its lender and customer, and whether Plaintiff has breached certain Directors & Officers policies in which Defendant is insured by Plaintiff.  (*Id.* at 3.)

In ruling on summary judgment motions, the Eleventh Circuit has held that "summary judgment may only be decided upon an adequate record."  *WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988).   Where a nonmoving party has not had an adequate opportunity for discovery, summary judgment is premature.  *Celotex Corp. v. Cartrett*, 477 U.S. 317, 322 (1986).  A party may oppose summary judgment through advancing a "reasonable basis from which to infer that discovery would produce evidence of the existence of a genuine issue of material fact that would defeat [the] summary judgment motion."  *Banque Nationale de Paris S.A. Dublic Branch v. Ins. Co. of N. Am.*, 896 F. Supp 163, 166 (S.D.N.Y. 1995).

Here, the Court finds that Plaintiff's Motion for Summary Judgment (DE 18) is premature.  Defendants have alleged a reasonable basis from which to infer that a genuine issue of material fact that would defeat summary judgment could be the result of additional discovery. Plaintiff's Motion, while timely, was brought prior to its Rule 26 disclosures.  This is simply too early in the pendency of this litigation to permit the Court to resolve the claims before it on summary judgment.  While a grant of summary judgment may well be a means to avoid

protracted, unnecessary litigation, it is not a means of short-circuiting the robust discovery regime established and enforced by the Federal Rules of Civil Procedure.  Having been shown a number of potential issues of material fact that could come to light only through permitting discovery to continue, Plaintiff's Motion for Summary Judgment (DE 18) must be denied as premature.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1)    Plaintiff's Motion for Summary Judgment (DE 18) is **DENIED as premature**.

2)    Plaintiff shall be permitted to submit a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 at the close of discovery.

3)    Defendants' Motion for Leave to File Sur-Reply (DE 33) and Amended Motion for Leave to File Sur-Reply (DE 36) are **DENIED as MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of March, 2017.

KENNETH A. MARRA
United States District Judge

3