UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80749-CV-MARRA/MATTHEWMAN

ARCH INSURANCE COMPANY,

    Plaintiff,

vs.

VAS AERO SERVICES, LLC, a
Florida Corporation, VAS AERO
HOLDINGS, INC., a Delaware
Corporation, and AGES AIRCRAFT
INTERNATIONAL, LLC, a Delaware
Corporation,

    Defendants.
_____/



## ORDER GRANTING PLAINTIFF'S MOTION TO DECLARE DISCOVERY CLOSED [DE 57] AND DENYING DEFENDANTS' MOTION TO EXTEND DISCOVERY AND COMPEL DISCOVERY [DE 69]

**THIS CAUSE** is before the Court upon Plaintiff, ARCH INSURANCE COMPANY's ("Plaintiff") Motion to Declare Discovery Closed [DE 57] and Defendants, VAS AERO SERVICES, LLC, VAS AERO HOLDINGS, INC., and AGES AIRCRAFT INTERNATIONAL, LLC's ("Defendants") Motion to Extend Discovery and Compel Discovery [DE 69]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra for appropriate disposition. *See* DE 72. Defendants filed an Omnibus Response to Plaintiff's Motion to Declare Discovery Closed which included a Motion to Extend Discovery and a Motion to Compel Discovery. [DE 69]. Plaintiff filed a Reply in support of its Motion and in Opposition to Defendants' Motion to Compel. [DE 74]. The matter is now ripe for review.

I.  BACKGROUND & PROCEDURAL HISTORY

This case involves a complicated procedural history. On July 21, 2016, Plaintiff filed its Motion for Summary Judgment. [DE 18]. On August 18, 2016, Defendants filed their Response in Opposition to Plaintiff's Motion for Summary Judgment. [DE 25]. In their Response, Defendants asked the Court to deny the Motion as premature because they had not had an adequate opportunity to obtain discovery. [DE 25, pg. 4]. On March 13, 2017, the Court denied Plaintiff's Motion for Summary Judgment as premature. [DE 42, pg. 3]. The Court stated that Plaintiff shall be permitted to submit a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 "at the close of discovery." *Id.*

On March 21, 2017, the Court entered a Scheduling Order which listed a discovery cutoff date of November 1, 2017. [DE 45, pg. 2]. The deadline for dispositive motions to be filed under the Scheduling Order was January 2, 2018. *Id.* On June 15, 2017, Defendants filed a Motion for Leave to File a Counterclaim. [DE 48]. As of November 1, 2017, the deadline for completing discovery, the Court had not yet ruled on Defendants' Motion for Leave to File a Counterclaim. [DE 48]. On November 1, 2017, Defendants filed a Motion for Extension of Time for Discovery, and asked the Court for an extension of 60 days to conduct discovery in the event that the Court permitted Defendants to file a counterclaim. [DE 53]. On December 22, 2017, the Court granted in part and denied in part Defendants' Motion for Leave to File a Counterclaim, granting Defendants leave to assert Counts I and II, and denying Defendants leave to assert Counts III and IV of the proposed counterclaim. [DE 55]. The Court denied Motion for Extension of Time for Discovery without prejudice and stated that if Defendants needed to conduct additional discovery related only to the permitted counts of the proposed counterclaim,

they must confer with Plaintiff and then file a renewed motion for extension of the discovery deadline. [DE 55, pgs. 3-4].

On January 11, 2018, Plaintiff filed its Answer and Affirmative Defenses to Defendants' Counterclaim. [DE 56]. Four weeks later, on February 8, 2018, Plaintiff filed its Motion to Declare Discovery Closed [DE 57] and, on the same day, filed its Renewed Motion for Summary Judgment and Incorporated Memorandum of Law. [DE 58].

## II. THE MOTION TO DECLARE DISCOVERY CLOSED, RESPONSE AND REPLY

Plaintiff filed its Motion to Declare Discovery Closed on February 8, 2018. [DE 57]. Plaintiff argues that Defendants have not conducted any discovery in eighteen months and are seeking to delay litigation in this case. [DE 57, pg. 2]. Plaintiff claims that on January 2, 2018, after the Court instructed Defendants that they could file a renewed motion for extension of the discovery deadline, Plaintiff's counsel emailed defense counsel to inquire if Defendants planned to conduct discovery related to the newly filed counterclaims. [DE 57, pg. 3; DE 57-1]. Plaintiff claims that Defendants never responded to the email, served any discovery requests, or filed a motion for leave to take discovery related to Counts I and II of the counterclaim. *Id.* Plaintiff asserts that discovery should be deemed closed in this matter so that the parties may submit dispositive motions to the Court. *Id.*

Defendants filed their Omnibus Response to Arch's Motion to Declare Discovery Closed, Motion to Extend Discovery and Motion to Compel Discovery on March 1, 2018. [DE 69]. Defendants state that they served their First Request for Production on Plaintiff on August 21, 2016. [DE 69, pg. 1]. Defendants claim that although Plaintiff filed its Response to Defendants' First Request for Production [DE 69-2], it never provided any actual documents. [DE 69, pg. 2]. In a June 28, 2017 email, Plaintiff's attorney represented to defense counsel that Plaintiff would

3

produce all of the requested documents "before the end of next week." [DE 69, pg. 2; DE 69-3]. However, Defendants contend that Plaintiff did not produce the documents until December 14, 2017. [DE 69, pg. 2]. Defendants argue that because they have only had the requested documents for a short period of time, they have been "investigating and evaluating the documents." *Id.* Defendants claim that due to "the inherent disputes and issues between the actual produced documents and Arch's statement of Undisputed Material Facts in Support of Renewed Motion for Summary Judgment," further discovery is warranted. *Id.*

Defendants also claim that Plaintiff had objected to the production of certain documents in its Response to Defendants' First Request for Production [DE 69-2], but failed to produce a privilege log. [DE 69, pg. 3]. Defendants ask the Court to compel Plaintiff to produce the documents which Plaintiff previously objected to producing in its Response to Defendants' First Request for Production. *Id.* Defendants claim that these documents are "necessary for VAS to properly defend itself against Arch's Renewed Motion for Summary Judgment and to prosecute its Counterclaims." *Id.* Defendants request a 60 day extension of discovery and for the Court to "compel Arch to immediately produce to VAS all previously objected to documents that were not produced and not identified in a privilege log." *Id.*

Plaintiff filed its Reply in Support of Motion to Deem Discovery Closed and Memorandum in Opposition to Defendants' Motion to Compel on March 7, 2018. [DE 74]. Plaintiff argues that Defendants are merely claiming that they "need" discovery in order to continue to delay the resolution of this case. [DE 74, pg. 1]. Plaintiff argues that Defendants' Motion to Compel violates Local Rule 7.1(a)(1) because there is no attached memorandum of law. [DE 74, pg. 2]. Plaintiff also argues that the Motion to Compel cannot actually constitute a "motion to compel" because it was not filed within 30 days of the occurrence giving rise to the

4

Motion to Compel and so the motion is waived under Local Rule 26.1(g)(1). *Id.* Plaintiff asserts that the Motion to Compel violates Local Rule 26.1(g)(2) because it does not "set forth verbatim the discovery requests and responses and grounds for compelling." *Id.* According to Plaintiff, "it is apparent from the absolutely perfunctory nature of the 'Omnibus' document that it is interposed solely for the purpose of delay in this matter, and not for any legitimate argument on the merits." *Id.*

Plaintiff claims that Defendants' Response in Opposition to Plaintiff's Renewed Motion for Summary Judgment [DE 71] demonstrates that Defendants no longer require discovery to respond to Plaintiff's Renewed Motion for Summary Judgment [DE 58], because Defendants "fully argue the merits of Arch's Renewed Motion by use of the same affidavit that they filed in 2016." [DE 74, pg. 1]. Plaintiff also argues that Defendants have a history of delaying the resolution of this case. [DE 74, pg. 3]. Plaintiff claims that it responded to Defendants' discovery requests in part on October 16, 2016, and provided a "lengthy list of all persons at Arch and Embraer who had knowledge of the claim, the investigation, and Arch's payment." [DE 74, pg. 4]. Plaintiff claims that Defendants did not communicate with Plaintiff again until June, 2017 when Plaintiff "offered to produce the documents it had not objected to." Plaintiff states that it did not hear from Defendants again until November 2, 2017, the day after the original deadline for completing discovery in the Court's Scheduling Order. [DE 74, pg. 5]. On that date, Defendants sought a discovery extension due to their motion to file a counterclaim. [DE 53].[1]

---

[1] The Court notes Plaintiff's claim in its Reply that Defendants filed their Motion for Extension of Time to Complete Discovery on November 2, 2017 is incorrect. Defendants filed their Motion for Extension of Time [DE 53] on November 1, 2017, the same date as the deadline for completing discovery via the Court's Scheduling Order. *See* DE 45.

5

According to Plaintiff, it provided the documents at issue in the October 16, 2016 discovery responses via thumb drive on December 14, 2017. [DE 74, pg. 5]. Defendants did not object to this production as untimely. *Id.* Plaintiff stated that on January 2, 2018, after the Court granted Defendants leave to file Counts I and II of their proposed counterclaim, Plaintiff asked Defendants if they planned to take more discovery. *Id.*; *see* DE 57-1. Plaintiff states that Defendants did not answer but instead, two months later, filed their "omnibus" response which also moved to extend discovery. [DE 74, pg. 5]. Defendants did not attach or attempt to serve any proposed discovery in that omnibus response. *Id.* Plaintiff argues that Defendants' actions demonstrate that Defendants "did not need, and did not intend, to engage in any serious discovery directed to the substantive issues of the case," but instead seek to delay the judicial process and resolution of this case. *Id.* Finally, Plaintiff asserts that a short extension of discovery will "require months of work and travel to a foreign nation to complete" because Defendants are seeking discovery from Embraer, a Brazilian company. [DE 74, pg. 6]. Thus, any discovery must be sought under the Hague Evidence Convention which would require a significant delay. *Id.* Plaintiff argues that Defendants have known that Embraer is a Brazilian company, and that the witnesses would be Brazilian nationals, since the inception of this case, but they have done nothing to initiate any discovery. *Id.*

In response to Defendants' Motion to Compel, Plaintiff states that it did not provide a privilege log because the pertinent requests did not implicate privileged documents. *Id.* Plaintiff explains that because five of the six requests at issue sought communications between Plaintiff Arch and third parties, there was no privilege objection to assert. [DE 74, pg. 6]. Plaintiff argues that Request No. 7 is irrelevant because it is related to Counts III and IV of the counterclaim, which the Court dismissed at DE 55. [DE 74, pg. 7]. Finally, Plaintiff argues that the motion is

barred by Local Rule 26.1(g)(1) because it was filed more than 30 days after its response to Defendants' First Request for Production. [DE 74, pgs. 8].

III. ANALYSIS

    a. Defendants' Purported Motion to Compel Discovery

Defendants include a Motion to Compel Discovery in their response to Plaintiff's Motion to Declare Discovery Closed and request that this Court compel Plaintiff Arch to "immediately produce to VAS all previously objected to documents that were not produced and not identified in a privilege log." [DE 69, pg. 3]. The Court first notes that Defendants failed to include a memorandum of law in support of their Motion to Compel and failed to state verbatim the specific item to be compelled, the specific objections to Plaintiff's Response to Defendants' First Request for Production, and the grounds assigned for the objections as required by Local Rule 26.1(g)(2). It appears that Defendants simply included their purported Motion to Compel Discovery in their response to Plaintiff's Motion as an afterthought. There also seems to be a lack of a personal, good faith conferral as required by the Court. [DE 46].

In addition to Defendants' failure to comply with Local Rule 26.1(g)(2), Defendants' purported Motion to Compel Discovery is also untimely pursuant to Local Rule 26.1(g)(1) and therefore waived.

Local Rule 26.1(g)(1) provides:

*Time for Filing.* All disputes related to discovery shall be presented to the Court by motion... within (30) days from the: (a) original due date (or later date if extended by the Court or the parties) of the response or objection to the discovery request that is the subject of the dispute....or (c) date on which a party first learned of or should have learned of a purported deficiency concerning the production of discovery materials. Failure to present the dispute to the Court within that timeframe, absent a showing of good cause for the delay, may constitute a waiver of the relief sought at the Court's discretion.

7

This rule reflects "a policy of promoting the prompt resolution of discovery disputes by requiring the parties to timely bring to the Court's attention matters that the parties cannot resolve amongst themselves." *Deluca v. Ceres Terminals Incorporated*, No. 14-CV-24706-JLK, 2016 WL 7626197, at *1 (S.D. Fla. June 3, 2016) (quoting *Kendall Lakes Towers Condo. Ass'n, Inc. v. Pac. Ins. Co.*, 2011 WL 6190160, at *2 (S.D. Fla. Dec. 2, 2011)); *see, e.g., Manno v. Healthcare Revenue Recovery Group, LLC*, 2012 WL 1409532, at *2-3 (S.D. Fla. Apr. 23, 2012) (finding the occurrence of grounds for a motion to compel discovery to have occurred when the party seeking discovery received notice of the opposing party's objections to his discovery requests). This rule is intended to deal with parties, such as Defendants in this case, who filed belated discovery motions.

Defendants assertedly seek the documents which Plaintiff Arch failed to produce due to "privilege" when it filed its Response to Defendants' First Request for Production on October 21, 2016. Putting aside the fact that Plaintiff asserts there are no such privileged documents, there is a serious timeliness issue here. Since October 21, 2016 was the date on which Defendants would have first learned of the purported deficiencies in Plaintiff's production, Defendants were required to file a motion to compel discovery by November 20, 2016, more than a year and a half ago. It is clear under this analysis that a motion to compel filed in 2018 is untimely.

However, due to what appears to be a lack of good faith communication between the parties, Plaintiff did not produce the documents requested by Defendants until more than a year later, on December 14, 2017. Although Defendants at no point objected to this production as untimely, Defendants appear to argue that this production date of December 14, 2017 should alter the Court's timeliness analysis. Assuming for the sake of argument that December 14, 2017

is the date on which Defendants first should have learned of any purported deficiency[2] concerning the production of discovery materials, then thirty days from December 14, 2017 would have been Monday, January 15, 2018. However, Defendants did not file their purported Motion to Compel [DE 69] until March 1, 2018. This means that Defendants had the allegedly incomplete responses to their First Request for Production for sixteen months without filing any motion for relief, and then had the requested documents for almost three months without filing any motion for relief. This is clear evidence that Defendants have acted in a dilatory manner regarding discovery.

Defendants claim that their Motion to Compel should be permitted because of Plaintiff Arch's year-long delay in providing the requested documents. They argue that they are still "investigating and evaluating the documents." [DE 69, pg. 2]. The Court disagrees. Pursuant to the local rules, Defendants should have determined whether a discovery dispute existed which needed to be presented to the Court by November 20, 2016 as an initial matter, and arguably by no later than January 15, 2018. However, Defendants waited eleven weeks—almost three months—after the second date before filing this purported Motion to Compel. Defendants could have and should have filed this Motion to Compel promptly. The fact is that Defendants received the thumb drive with the requested documents from Plaintiff on December 14, 2017, and waited until March 1, 2018 to file a purported Motion to Compel, which consisted of three pages and was actually filed as Defendants' Response to Plaintiff's Motion to Declare Discovery Closed. This conduct is unreasonable and dilatory, and it appears that it is indeed designed to delay the

---

[2] The Court notes that there is no evidence in Defendants' Response to support the notion that there is in fact a deficiency in the documents produced by Plaintiff on December 14, 2017.

resolution of litigation in this case. *See Pipino v. Delta Air Lines, Inc.*, No. 15-CV-80330, 2016 WL 2856003, at *2 (S.D. Fla. May 13, 2016).

The Court finds that Defendants' Motion was filed untimely and Defendants have waived any argument regarding Plaintiff's production of documents in response to Defendants' First Request for Production. *See Higgs v. Costa Crociere S.p.A. Co.*, Case No. 15–60280–CIV–COHN/SELTZER, 2015 WL 5915789 (S.D. Fla. Oct. 9, 2015) (denying motion to compel because it was filed outside of the 30–day period established by the Local Rule). Defendants have failed to establish good cause for their failure to timely file its discovery motion. The Court will not consider an untimely discovery motion filed well after the Court's November 1, 2017 discovery cut-off date, after the January 2, 2018 substantive motion deadline, and in violation of the Court's Local Rules. This matter should not be delayed any further due to the dilatory conduct of Defendants. *See Pipino,* 2016 WL 2856003 at *4 (citing Fed.R.Civ.P. 1 ("[The Federal Rules of Civil Procedure] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.")).

Moreover, Defendants' Motion to Compel Discovery fails to sufficiently allege what discovery Defendants have undertaken, what specific additional discovery needs to be undertaken, why the alleged additional discovery is necessary, why the additional discovery is relevant and proportional under Rule 26(b)(1), and why an additional 60 days is needed. In short, Defendants' Motion to Compel Discovery is woefully inadequate and is also denied on the merits.

### b. Plaintiff Arch's Motion to Declare Discovery Closed and Defendants' Motion to Extend Discovery

Plaintiff requests that the Court deem discovery closed so that Plaintiff can file its Motion for Summary Judgment pursuant to the Court's instructions in its Order denying Plaintiff's Motion for Summary Judgment. [DE 42]. That March 13, 2017 Order instructed Plaintiff to submit its Motion for Summary Judgment at the "close of discovery." [DE 42, pg. 3]. Although the Scheduling Order [DE 45] stated that the discovery deadline expired on November 1, 2017, Plaintiff contends that the Court's December 22, 2017 Order left it "unclear as to whether discovery is completely and irrevocably 'closed.'" [DE 55]. That Order denied Defendants' November 1, 2017 motion to extend discovery and stated that "[I]f Defendants need to conduct additional discovery related only to Counts I and II of the proposed counterclaim, Defendants may file a renewed motion for extension of the discovery deadline after conferring with Plaintiff." [DE 55, pgs. 3-4].

The Court finds that Defendants have made no such motion to properly extend the discovery deadline. On March 1, 2018, more than two months after the Court's December 22, 2017 Order was entered, Defendants merely filed a Response to Plaintiff's Motion to Declare Discovery Closed which also, as an afterthought, perfunctorily sought a discovery extension. As noted earlier, Defendants' purported Motion to Extend Discovery does not explain what discovery they are seeking or how the discovery relates to the permitted counterclaims. In fact, Defendants' purported Motion simply vaguely states that "certain documents" are necessary for Defendants to "properly defend [themselves] against Arch's Renewed Motion for Summary Judgment" as well as to "prosecute [their] Counterclaims." Additionally, the Motion does not explain what documents Defendants are seeking. [DE 69, pg. 3]. It is clear that Defendants have

11

been dilatory in seeking discovery and now improperly seek to delay this case further via an unsupported and vague request to take additional discovery. This is not how the discovery process is supposed to operate.

Accordingly, Defendants have not complied with the Court's Order, which directed them to file a renewed motion for extension of the discovery deadline only if they needed to conduct additional discovery *related only to Counts I and II of the proposed counterclaim.* [DE 55, pgs. 3-4] (emphasis added). Further, as explained above, Defendants' Motion to Compel Discovery is denied as untimely and therefore there is no need for an extension of the discovery deadline.

The deadline for completing discovery in this case expired on November 1, 2017. Although Defendants filed a Motion for Extension of Time to Complete Discovery on November 1, 2017, that Motion was denied on December 22, 2017, with instructions that Defendants could file a renewed motion for an extension of the discovery deadline if they needed to conduct discovery related solely to their counterclaim. Defendants have not demonstrated any need to conduct additional discovery related to their counterclaim in their Motion to Compel, nor have they filed their motion to extend the discovery deadline in a timely manner.

IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Declare Discovery Closed [DE 57] is **GRANTED** and Defendants' Motion to Extend Discovery and Motion to Compel Discovery [DE 69] is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 12th day of April, 2018.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

12